# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

LUCAS CANTON SCHNEIDER,

        Plaintiff,

v.

JEN WINKELMAN, *et al.*,

        Defendants.

Case No. 3:22-cv-284-JMK

## **SCREENING ORDER**

Lucas Canton Schneider, a self-represented prisoner, is currently incarcerated at Goose Creek Correctional Center.[1] Given the multiple lawsuits and motions filed by Plaintiff, the record before the Court is somewhat confusing. The Court will, however, provide a brief overview of the allegations as best as it can discern. In the above captioned case, Plaintiff brings suit Jen Winkelman, Parole/Probation Officer Ian Petershore, Re-entry Counselor Nathan Block, Lemon Creek Superintendent Bob Cordle, Lemon Creek Standards Officer Derik Johnson, and unknown medical staff at Lemon Creek have subjected him to medical experimentation and torture, denied him medical care, inflicted cruel and unusual punishment upon him, violated his due process rights, and violated HIPAA.[2] For relief, Plaintiff requests $5,000,000 in damages, $5,000,000 in

---

[1] Since filing this action, Plaintiff was transferred to Anchorage Correctional Complex West, formerly known as Cook Inlet Pretrial and back to Goose Creek. Dockets 8, 12.

[2] *See* Docket 1 at 4–9.

punitive damages, and an order requiring Defendants to "stop experiments and start medical treatment."[3]

Since filing his Complaint, Plaintiff has filed multiple motions. First, Plaintiff filed motion to "amend names Ian Petershoare [sic] and Nathan Block to their original spellings," which included a request for free time stamped copies of his filings.[4] Then, he filed a motion for an emergency injunction,[5] followed by a motion to "Add Unknown Federal Authorities"[6] and motion for court-appointed counsel.[7] Plaintiff also filed two motions for change of judge[8] and another motion to "add/amend Claim 2."[9]

The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A and rules on all pending motions. **Plaintiff is cautioned that he must carefully review and comply with this order. Dismissal of this case could result in Plaintiff's third strike.**[10] Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the

---

[3] Docket 1 at 12.

[4] Docket 3 at 2.

[5] Docket 5.

[6] Docket 6 at 1–2.

[7] Docket 7.

[8] Dockets 9–10.

[9] Docket 11.

[10] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that a dismissal counts as a strike when the district court dismisses a complaint for a failure to state a claim, grants leave to amend, and the plaintiff fails to amend the complaint).

Case No. 3:22-cv-284-JMK, *Schneider v. Winkelman, et al.*
Screening Order
Page 2 of 18
Case 3:22-cv-00284-JMK   Document 13   Filed 07/06/23   Page 2 of 18

complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint.[11]

## SCREENING STANDARD

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking a waiver of the prepayment of the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[12]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[13] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[14] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a

---

[11] *Andrews v. Caervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007).

[12] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[14] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Case No. 3:22-cv-284-JMK, *Schneider v. Winkelman, et al.*
Screening Order
Page 3 of 18
Case 3:22-cv-00284-JMK   Document 13   Filed 07/06/23   Page 3 of 18

statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[15]

However, in accordance with federal law, a court must dismiss a case "at any time if the court determines that the action or appeal is frivolous or malicious."[16] The term frivolous, or frivolous as a matter of law, is a legal term. It means that a case or complaint "lacks an arguable basis in either in law or in fact."[17] When a court evaluates for whether a complaint is frivolous, it must "pierce the veil of the complaint's factual allegations to determine whether they are fanciful, fantastic, or delusional."[18] Additionally, a legal action may be frivolous if it merely repeats pending or previously litigated claims."[19]

## RELEVANT BACKGROUND

The Court takes judicial notice[20] of the other lawsuits filed by Plaintiff. In both *Schneider v. Ritzman*, *et al.*[21] and *Schneider v. Dahlstrom, et al.*[22], Mr. Schneider made similar claims about aerosol sprays causing him medical ailments while he was

---

[15] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[16] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

[17] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[18] *Id.* at 327-28; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[19] *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

[20] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019); A court can take judicial notice of its own files and records. Fed. R. Evid. 201.

[21] Case No. 3:18-cv-090-RRB.

[22] Case No. 3:21-cv-170-RRB.

incarcerated at Anchorage Correctional Center.[23] Both were ultimately dismissed for lack of prosecution after Plaintiff failed to amend his complaint.[24]

Plaintiff also has two pending cases with the Court. In *Schneider v. Britt*[25], Plaintiff alleges Robert W. Britt, former Special Agent in Charge of the Anchorage Field Office of the Federal Bureau of Investigation ("FBI") violated the Freedom of Information Act (FOIA) by ignoring or denying Plaintiff's requests for his FBI file.[26] Plaintiff claimed the "denial of this information is hindering [his] due process in state and federal litigation … and allows federal violations [ ] everyday by denial of healthcare."[27] The Court dismissed Plaintiff's complaint in that case for failing to state a claim upon which relief can be granted but provided Plaintiff with guidance and an opportunity to amend his complaint.[28]

In *Schneider v. Winkelman*, Plaintiff alleged Jen Winkelman, also named as a defendant in this action violated FOIA and "denied his rights to medical, parole, probation."[29] However, Plaintiff's allegations centered around access to copies of evidence DOC "is using in an investigation on him."[30] The Court issued a Notice of Intent

---

[23] *Schneider v. Ritzman*, *et al.*, 3:18-cv-090-RRB, Dockets 1 (Complaint) and 7 (Motion for Temporary Restraining Order).

[24] *Schneider v. Ritzman*, *et al.*, 3:18-cv-090-RRB, Dockets 9 (Notice of Change of Address), 22 (Order of Dismissal), and 23 (Judgment).

[25] Case No. 3:22-cv-283-JMK.

[26] *Schneider v. Britt,* Case No. 3:22-cv-283-JMK, Docket 1.

[27] *Schneider v. Britt,* Case No. 3:22-cv-283-JMK, Docket 1 at 3.

[28] *See Schneider v. Britt,* Case No. 3:22-cv-283-JMK, Docket 5.

[29] Case No. 3:22-cv-276-JMK, Docket 1 at 3.

[30] *Id.*, Docket 1 at 3.

Case No. 3:22-cv-284-JMK, *Schneider v. Winkelman, et al.*
Screening Order
Page 5 of 18
Case 3:22-cv-00284-JMK   Document 13   Filed 07/06/23   Page 5 of 18

to Dismiss providing Plaintiff with 30 days to voluntarily dismiss his action to avoid receiving another strike.

In addition to his federal cases, the Court takes judicial notice of Plaintiff's multiple state court cases.[31] Plaintiff currently has three pending cases in the Alaska state court. Plaintiff's current criminal case was reopened in July 2022 after his probation was revoked.[32] Plaintiff filed for Post-Conviction Relief challenging his original conviction and sentencing[33] and a subsequent writ of habeas corpus requesting review of legality of his detention after his probation was revoked.[34]

## DISCUSSION

### I. Failure to State a Claim Upon which Relief May be Granted

A complaint seeking relief from a federal court must be clear. Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." A complaint should set out each claim for relief separately. Each claim should identify (1) the specific harm that Mr. Schneider is alleging has occurred to him, (2) when that harm occurred,

---

[31] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the docket records of the Alaska Trial Courts and the Alaska Appellate Courts, which may be accessed online at https://courts.alaska.gov/main/search-cases.htm; *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[32] *State of Alaska vs. Schneider,* Case No. 1JU-18-00014CR, Docket Entry 07/08/2022 (Case Reopened), Docket Entry 7/13/2022 (Amended Petition to Revoke Probation).

[33] *In the Matter of: Schneider vs. State of Alaska,* Case No. 1JU-22-00678CI, Docket Entry 06/14/2022 (Application for Post-Conviction Relief [re] Criminal Case Number: 1JU-18-00014CR).

[34] *Schneider vs. State of Alaska,* Case No. 1JU-23-00575CI, Docket Entry 04/11/2023 (Complaint for Writ of Habeas Corpus).

Case No. 3:22-cv-284-JMK, *Schneider v. Winkelman, et al.*
Screening Order
Page 6 of 18
Case 3:22-cv-00284-JMK   Document 13   Filed 07/06/23   Page 6 of 18

(3) where that harm was caused, (4) who he is alleging caused that specific harm to him, and (5) what specific law he is alleging was violated as to that specific claim.

As pleaded, Mr. Schneider's Complaint fails to state a claim upon which relief may be granted because Mr. Schneider has not provided enough plausible factual detail to meet the elements of the possible claims he alleges. The Court grants Mr. Schneider leave to amend his Complaint in accordance with the guidance provided below.

## II. Due Process & Challenging Unconstitutional Conviction or Imprisonment

Plaintiff claims his due process rights are being violated, and that he was wrongfully reincarcerated after Defendant Block and Defendant Petershore illegally entered his home, planted evidence, and fabricated documents. He alleges he was never mirandized and accuses his court-appointed counsel of being ineffective.[35] Liberally construed, the Court perceives Plaintiff's assertions as challenges to his current incarceration and state court proceedings which are not, as currently pleaded, a cognizable claim.[36] Challenges to state criminal convictions or pending state criminal

---

[35] *See* Docket 1, Docket 10 at 4. The Court notes Plaintiff's criminal defense attorney is not named as a defendant in this suit, nor could she. As discussed in the section below regarding Plaintiff's most recent filing, criminal defense attorneys, even when paid with government funds, are not state actors for purposes of a Section 1983 claim. *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (recognizing that the public defender performs "a lawyer's traditional functions" in the lawyer's traditional adversarial role).

[36] *See Aiona v. Judiciary of State of Haw.*, 17 F.3d 1244, 1248 (9th Cir. 1994) (Federal courts "may not interfere with pending state criminal or civil proceedings.") (citing *Younger v. Harris*, 401 U.S. 37, 43 (1971)); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a Section 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated.).

Case No. 3:22-cv-284-JMK, *Schneider v. Winkelman, et al.*
Screening Order
Page 7 of 18
Case 3:22-cv-00284-JMK   Document 13   Filed 07/06/23   Page 7 of 18

charges must be brought in a petition for habeas corpus[37], or as a Section 1938 claim only after the underlying conviction is reversed, expunged, or otherwise declared invalid.[38] Therefore, Plaintiff's claims regarding his unconstitutional conviction or imprisonment must be dismissed.

### III. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a civil rights claim under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal law.[39] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[40] Section 1983 does not confer federal constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[41] Section 1983 does not provide a mechanism for remedying alleged violations of state law.[42]

The Court has previously provided Plaintiff substantial guidance on nearly identical claims regarding access to medical care, failure to protect, and access to court.[43] In that

---

[37] *See* 28 U.S.C. §§ 2241, 2254.

[38] *Heck v. Humphrey,* 512 U.S. 477 (1994).

[39] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[40] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[41] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[42] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[43] *See Schneider v. Dahlstrom, et al.,* Case No. 3:21-cv-00170-RRB, Docket 10.

Case No. 3:22-cv-284-JMK, *Schneider v. Winkelman, et al.*
Screening Order
Page 8 of 18

case, the Court also denied his discovery requests, his motion for court-appointed counsel, and a motion for emergency injunction.[44] While the Court is sympathetic to Plaintiff's plight, Plaintiff's claims must be dismissed for the same reasons outlined in the previous order.[45] Likewise, **the Court must deny Plaintiff's motions for emergency injunctions and motion for court-appointed counsel** and refers Plaintiff to its prior analysis. With this order, The Court will provide a copy of its previous order for Plaintiff's reference should he choose to amend his Complaint.

## IV. Pending Motions

While a court may act with leniency towards a self-represented litigant for procedural violations, attorneys and self-represented litigants are expected to follow the same rules and procedures.[46] All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion and comply with the Local and Federal Rules of Civil Procedure.[47] Each motion may only set out one request for relief.

---

[44] *Id.*

[45] The Court declines to repeat that analysis herein. "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald,* 489 U.S. 180, 184 (1989) (per curiam).

[46] *Motoyama v. Hawaii, Dept. of Transp.*, 864 F.Supp.2d 965, 976 (2012); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (establishing self-represented litigants are bound by the same procedural rules as represented parties).

[47] *See* Fed. R. Civ. P. 7(b) ("A request for a court order must ... state with particularity the grounds for seeking the order" and "state the relief sought.").

Case No. 3:22-cv-284-JMK, *Schneider v. Winkelman, et al.*
Screening Order
Page 9 of 18
Case 3:22-cv-00284-JMK   Document 13   Filed 07/06/23   Page 9 of 18

A motion should contain the information identified in the caption of this order and should be titled "Motion for (add the relief requested)." In a motion, a party should state specifically and concisely what he or she wants, so that the Court understands what the party is requesting. Except for alternative requests for relief or as otherwise provided by rule or order of the court, each motion must be filed separately.[48] The Court also requires that motions be filed with a proposed order that the Court can issue, if the motion is granted.[49] The proposed order helps to clarify what the moving party is asking the Court to do.

Plaintiff often includes multiple requests in a single filing and repeats requests currently pending before the Court. Further, Plaintiff's attempts to amend his Complaint do not comply with the rules of civil procedure that govern the process for amending pleadings.[50] Specifically, in this court, an amended complaint replaces the prior complaint in its entirety. Plainly, this means that a plaintiff cannot simply add on new claims or defendants by motion or declaration, a plaintiff must submit a new complaint with all the claims the plaintiff seeks to allege.[51] Nonetheless, the Court will address Plaintiff's remaining motions, but cautions Plaintiff that **any future filings must comply with this order and the applicable rules of civil procedure.**

---

[48] Local Civil Rule 7.1(e); *see also* Local Civil Rule 5.1(f)(2).

[49] Local Civil Rule 7.1(b).

[50] *See* Fed. R. Civ. P. 15(a); *see also* Local Civil Rule 15.1.

[51] If there is an operative complaint in the case, Plaintiff must file a motion and attach the proposed amended complaint that includes all the claims the plaintiff seeks to allege.

Case No. 3:22-cv-284-JMK, *Schneider v. Winkelman, et al.*
Screening Order
Page 10 of 18
Case 3:22-cv-00284-JMK   Document 13   Filed 07/06/23   Page 10 of 18

### A. Motions for Change of Judge

A federal district court is a trial court simultaneously addressing a volume and variety of cases of varying priorities, and a part of the Court's responsibility is "to see that [its] resources are allocated in a way that promotes the interests of justice."[52] Accordingly, the Court cannot issue orders and rulings purely on the best timeline for a litigant.

Plaintiff filed two motions two days apart requesting an emergency change of judge for "refusing to make any rulings in this case"[53] and "refusing to intervene and save [his] life."[54] As stated above, Plaintiff currently has three pending cases with overlapping allegations before the Court and has previously ruled on an almost identical emergency injunction. Further, the Court reviewed Plaintiff's filings and found no basis to expedite ruling on Plaintiff's multiple motions.[55] In the interests of judicial economy—and again finding no basis to grant an emergency injunction—the Court screened Plaintiff's Complaint and issued this order in due course.

Federal law requires a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[56] Additionally, federal law requires judges to disqualify themselves where they may have personal knowledge of evidentiary facts, a conflict of interest, or a financial interest that could be affected by the outcome.[57]

---

[52] *In re McDonald,* 489 U.S. 180, 184 (1989) (per curiam).

[53] Docket 9.

[54] Docket 10.

[55] *See* Local Civil Rule 7.3(a).

[56] 28 U.S.C. § 455(a).

[57] 28 U.S.C. § 455(b).

Case No. 3:22-cv-284-JMK, *Schneider v. Winkelman, et al.*
Screening Order
Page 11 of 18
Case 3:22-cv-00284-JMK   Document 13   Filed 07/06/23   Page 11 of 18

None of these factors exists in this case, and Plaintiff does not present proper grounds for recusal of the assigned judge. Therefore, **Plaintiff's motions at Dockets 9-10 are DENIED.**

### B. Motion to Amend Complaint to Add Unknown Federal Authorities

Plaintiff seeks to amend his Complaint to defendants who he believes are involved in a conspiracy to conduct medical experimentation, prevent him from accessing medical care, and assist the state criminal courts in violating his rights. Plaintiff's motion is both procedurally and substantively flawed. Plaintiff does not allege specific facts regarding the actions of any potential defendant at any time, but instead refers vaguely to "unknown federal authorities."[58] A plaintiff cannot bring a Section 1983 claim against federal authorities.[59] Further, a plaintiff cannot join a myriad of unrelated claims against multiple defendants in one action.[60] A plaintiff may join multiple defendants in one action only where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action."[61] Unrelated claims against different defendants must be pursued in separate lawsuits. Plaintiff also fails to provide dates upon which the alleged incidents occurred or

---

[58] Docket 6 at 1–2.

[59] *See Russell v. United States Dep't of the Army*, 191 F.3d 1016, 1019 (9th Cir. 1999) ("Section 1983, however, provides no right of action against federal (rather than state) officials.").

[60] *See* Fed. Rule Civ. P. 18.

[61] Fed. R. Civ. P. 20(a)(2).

Case No. 3:22-cv-284-JMK, *Schneider v. Winkelman, et al.*
Screening Order
Page 12 of 18
Case 3:22-cv-00284-JMK   Document 13   Filed 07/06/23   Page 12 of 18

any information that could lead to uncovering the identities of those allegedly involved,[62] fails to specifically link any defendants to specific violation(s) of his rights,[63] fails to allege any facts supporting his conclusory allegations of a conspiracy,[64] and overall lacks an arguable basis in either law of fact.[65] Therefore, **Plaintiff's motion at Docket 6 is DENIED.**

### C. Motion to Amend Complaint and For Time Stamped Copies

Plaintiff filed a motion to "amend names Ian Petershoare and Nathan Block to their original spellings,"[66] which also requests free-time stamped copies. As discussed above, each request should be filed as a separate motion. However, in the interest of judicial economy, the Court now **GRANTS** Plaintiff's motion **in part.**

#### 1. Motion to Amend the Spelling of Defendants' Names

A plaintiff may move the Court to correct the spelling of defendants' names without amending his complaint. However, the Court must curtail unnecessary taxation on judicial time and resources and will only entertain such a motion should Plaintiff file an amended

---

[62] *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("As a general rule, the use of 'John Doe' to identify a defendant is not favored.").

[63] *Dempsey v. Schwarzenegger*, No. 09-cv-2921, 2010 WL 1445460 at *2 (N.D. Cal. Apr. 9, 2010) ("A plaintiff may use Doe defendant designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., 'John Doe 1,' 'John Doe 2,' so that each numbered John Doe refers to a different specific person. Plaintiff must identify how each such named Defendant is liable for a constitutional violation.").

[64] *Travaglia v. Johnston*, 42 F.3d 1402 (9th Cir. 1994).

[65] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (the term " 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

[66] Docket 3 at 2.

Case No. 3:22-cv-284-JMK, *Schneider v. Winkelman, et al.*
Screening Order
Page 13 of 18
Case 3:22-cv-00284-JMK   Document 13   Filed 07/06/23   Page 13 of 18

complaint that states a cognizable claim against said named defendant. Therefore, **Plaintiff's request to correct the spelling is DENIED without prejudice**.

### 2. Request for Copies of Court Filings

Under 28 U.S.C. § 2250, the Clerk is not required to furnish copies without cost to an indigent petitioner except by order of the judge. Although the Court grants Plaintiff's application to proceed without prepayment of the filing fee, Plaintiff is not entitled to free copies of documents from the Court. Nonetheless, **the Court will grant the motion to the extent that the Court will direct the Clerk of Court to send Plaintiff one courtesy copy of the filings that have been docketed in this case.**

Should Plaintiff request copies of particular documents, filings, or orders in the future, Plaintiff is informed that the Clerk of Court charges 50 cents per page for reproducing any record or paper. Plaintiff is advised that he should keep a copy of any document he submits to the Court.

### D. Motion to Add/Amend Claim 2

Plaintiff filed a motion requesting the Court allow him to "add/amend Claim 2."[67] Not only is this not the proper way to amend a complaint, but Plaintiff's allegations again appear to be collateral attacks on his current incarceration and may not proceed in a Section 1983 claim. Therefore, **Plaintiff's motion at Docket 11 is DENIED.**

The Court also must address Plaintiff's stated intention to add his public defender as a codefendant in this case. A lawyer appointed to represent a criminal defendant in a

---

[67] Docket 11.

state court proceeding is "as a matter of law, ... not a state actor."[68] Such a lawyer, whether from the Office of Public Advocacy, Public Defender's Agency, or by contract is "no doubt, paid by government funds and hired by a government agency. Nevertheless, his function was to represent his client, not the interests of the state or county."[69] It does not matter that a state criminal defense lawyer is paid from public funds. "Except for the source of payment, ... the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program."[70] This means that because a criminal defense lawyer's duty and loyalty are to his client, not the state, a court appointed attorney is not a state actor for purposes of Section 1983.

## V. Conclusion

In summary, Mr. Schneider's Complaint fails to state a claim upon which relief may be granted and could be considered frivolous. Nonetheless, since Plaintiff's previous cases were ultimately dismissed for failing to file amended complaints, the Court will allow Plaintiff <u>one</u> opportunity to amend his complaint in this case. If Plaintiff chooses to amend his complaint, he must keep the complaint short and simple and specifically state what each named defendant did that led to the deprivation of his constitutional or other federal rights.[71] Plaintiff is cautioned that although he has been given the opportunity to amend, he must not unjustifiably expand the scope of the case by alleging new unrelated claims

---

[68] *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003).

[69] *Id*., citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (recognizing that the public defender performs "a lawyer's traditional functions" in the lawyer's traditional adversarial role).

[70] *Polk County*, 454 U.S. at 318-19.

[71] Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Case No. 3:22-cv-284-JMK, *Schneider v. Winkelman, et al.*
Screening Order
Page 15 of 18
Case 3:22-cv-00284-JMK   Document 13   Filed 07/06/23   Page 15 of 18

or parties in the amended complaint.[72] Any amended complaint may not include any claims or defendants for which he lacks a sufficient legal or factual basis. Further, the Court discourages the filing of any motions or additional documents until the Court has screened the amended complaint and issued a screening order.

**IT IS THEREFORE ORDERED**:

1. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted**.** The Court will grant leave to amend in accordance with the guidance provided in this order.

2. Plaintiff is accorded **30 days** to file **one of the following**:

    a. <u>First Amended Complaint</u>, in which Plaintiff restates his claims for damages to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order. An amended complaint replaces the prior complaint in its entirety.[73] An amended complaint need not contain legal research or analysis, but it must contain sufficient facts that state a viable claim for relief. Plaintiff must include all of the claims he seeks to bring, but may only bring his own claims, not claims on behalf of a proposed class or any individual. Any claims not included in the amended complaint will

---

[72] See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

[73] See Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

Case No. 3:22-cv-284-JMK, *Schneider v. Winkelman, et al.*
Screening Order
Page 16 of 18
Case 3:22-cv-00284-JMK   Document 13   Filed 07/06/23   Page 16 of 18

be considered waived. Any exhibits attached to the amended complaint should be submitted without any alterations or annotations by Plaintiff; **OR**

b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form **within 30 days,** this case may be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff. This dismissal would count as a "strike" against Plaintiff under § 1915(g).[74] A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

4. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders. Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

5. Plaintiff's motion at Docket 3 is **GRANTED** to the extent that the Court will send Plaintiff one courtesy copy of the filings that have been docketed in this case.

6. Plaintiff's motions at Dockets 5-7 and 9-11 are **DENIED.**

---

[74] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Case No. 3:22-cv-284-JMK, *Schneider v. Winkelman, et al.*
Screening Order
Page 17 of 18
Case 3:22-cv-00284-JMK   Document 13   Filed 07/06/23   Page 17 of 18

7. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; (4) the District Court's handbook, "Representing Yourself in Alaska's Federal COURT"; (5) a copy of the Court's prior order in *Schneider v. Dahlstrom, et al.*, Case No. 3:21-cv-00170-RRB at Docket 10; and (6) one courtesy copy of each filing in this case.

DATED this 6th day of July, 2023, at Anchorage, Alaska.

/s/ Joshua M. Kindred\
JOSHUA M. KINDRED\
UNITED STATES DISTRICT JUDGE