**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

LUCAS CANTON SCHNEIDER,

                Plaintiff,

      v.

JEN WINKELMAN, *et al.,*

                Defendants.

Case No. 3:22-cv-284-JMK

## ORDER

Lucas Canton Schneider, a self-represented prisoner, ("Plaintiff") filed a complaint against Jen Winkelman, Parole/Probation Officer Ian Petershore, Re-entry Counselor Nathan Block, Lemon Creek Superintendent Bob Cordle, Lemon Creek Standards Officer Derik Johnson, and unknown medical staff at Lemon Creek for multiple alleged violations of his civil rights.[1] The Court screened the Complaint, found it deficient, but granted leave to amend.[2] Instead of filing an amended complaint, Plaintiff filed a Motion for Reconsideration, two motions for emergency injunctive relief, a Notice of Appeal, and an application to proceed without prepaying the filing fee. On September 27, 2023, the Court of Appeals dismissed Plaintiff's appeal for lack of jurisdiction.[3]

---

[1] Docket 1.

[2] Docket 5.

[3] Docket 21.

Plaintiff's deadline to file an amended complaint has now passed. However, in the interests of fundamental fairness, the Court will accord Plaintiff an additional **30 days** to amend his complaint in this case. Plaintiff is **cautioned** that he must carefully review and comply with the Federal Rules Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[4] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action. While the Court takes extensive measures to fairly facilitate self-represented litigation, a self-represented litigant is not excused from the rules that govern court proceedings.[5]

### Motion for Reconsideration

Motions to reconsider are appropriate only in rare circumstances.[6] The Court ordinarily will deny a motion for reconsideration absent a showing of (1) manifest error of the law or fact; (2) discovery of new material facts not previously available; or (3) intervening change in the law.[7] "A motion for reconsideration should not be used to ask a court to rethink what the court had

---

[4] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[5] *Motoyama v. Hawaii, Dept. of Transp.*, 864 F. Supp. 2d 965, 976 (2012); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (establishing self-represented litigants are bound by the same procedural rules as represented parties).

[6] *333 W. Thomas Med. Bldg. Enters. v. Soetantyo*, 976 F. Supp. 1298, 1302 (D. Ariz. 1995) (citations omitted).

[7] *See* Local Civil Rule 7.3(h).

Case No. 3:22-cv-284-JMK, *Schneider v. Winkelman, et al.*
Order
Page 2 of 6

already thought through."[8] Arguments that the court decided incorrectly should be directed to the court of appeals.[9]

Here, Plaintiff argues the Court should reconsider his Complaint in light of another case he filed.[10] First, the Court provided Plaintiff with guidance and an opportunity to amend his complaint, and Plaintiff has set forth no valid grounds for reconsideration of its Screening Order. Further, in determining the outcome of this case, the Court will not consider an amended complaint filed in another case, as that is not the proper procedure to amend a complaint.[11] Additionally, while a court may take judicial notice of information in another case's proceedings, such as the progress of a case, the issues that were litigated, and what the judge ordered, a court may not take judicial notice of the truth of any factual findings in other case.[12]

Accordingly, Plaintiff's motion for reconsideration at Docket 14 is **DENIED**. Nonetheless, the Court notes the amended complaint Plaintiff filed in *Schneider v. Britt* appears to include similar claims to those initially brought in this case.[13] Plaintiff has also alleged he was unable to access legal documents when

---

[8] *Soetantyo*, 976 F. Supp. at 1302 (citations omitted); *see also Ogden v. CDI Corp.*, No. CV 20-01490-PHX-CDB, 2021 WL 2634503, at *3 (D. Ariz. Jan. 6, 2021) (denying a motion for reconsideration when plaintiff did "nothing more than disagree with this Court as to the relevant law.").

[9] *See Sullivan v. Faras-RLS Grp., Ltd.,* 795 F. Supp. 305, 308 (D. Ariz. 1992).

[10] Docket 14 at 1.

[11] *See* Fed. R. Civ. P. 15(a); *see also* Local Civil Rule 15.1.

[12] *Cf. Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001) ("when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.").

[13] *See* Case No. 3:22-cv-00283-JMK, Docket 9.

Case No. 3:22-cv-284-JMK, *Schneider v. Winkelman, et al.*
Order
Page 3 of 6

attempting to amend his claims. Therefore, as stated above, in the interests of justice, the Court will accord Plaintiff 30 days to amend his complaint in this case in accordance with its previous Screening Order at Docket 13. In order to amend his complaint, Plaintiff must submit a new complaint with all the claims he seeks to allege in this case.[14]

**Motions for Emergency Injunctive Relief**

As with Plaintiff's past motions, Plaintiff again failed to demonstrate that either expedited relief or a temporary injunction from the Court are warranted.[15] Therefore, Plaintiff's motions at Dockets 15 and 16 are **DENIED**. The Court cautions that if Plaintiff continues his current filing practices, further restrictions may be imposed.

**IT IS THEREFORE ORDERED**:

1.      Plaintiff's motions at Dockets 14, 15, and 16 are **DENIED.**

2.      Plaintiff's application to waive prepayment of the filing fee at Docket 18 is **GRANTED.**

3.      If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to

---

[14] *See* Local Civil Rule 15.1(a) ("amended pleading must not incorporate by reference any prior pleading, including exhibits").

[15] *See, e.g.,* Docket 13. *See also Schneider v. Dahlstrom, et al.,* Case No. 3:21-cv-00170-RRB, Docket 10; *Schneider v. Britt,* Case No. 3:22-cv-00283-JMK.

Case No. 3:22-cv-284-JMK, *Schneider v. Winkelman, et al.*
Order
Page 4 of 6

Waive the Filing Fee (Form PS11). Failure to comply may result in dismissal of this action.

4.      Plaintiff is accorded **30 days** to file **one of the following**:

a.      <u>First Amended Complaint</u>, in which Plaintiff restates his claims for damages to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order. An amended complaint replaces the prior complaint in its entirety.[16] An amended complaint need not contain legal research or analysis, but it must contain sufficient facts that state a viable claim for relief. Plaintiff must include all of the claims he seeks to bring, but may only bring his own claims, not claims on behalf of a proposed class or any individual. Any claims not included in the amended complaint will be considered waived. Any exhibits attached to the amended complaint should be submitted without any alterations or annotations by Plaintiff; **OR**

b.      <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

5.      If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form **within 30 days,** this case may be dismissed

---

[16] See Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

Case No. 3:22-cv-284-JMK, *Schneider v. Winkelman, et al.*
Order
Page 5 of 6

with prejudice under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff. This dismissal would count as a "strike" against Plaintiff under § 1915(g).[17] A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

6.     Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders. Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

7.     With this order, the Clerk is directed to send:  (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) a copy of the Court's order at Docket 13 with this order.

DATED this 6th day of October, 2023 at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[17] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."